GEORGE E. BLACKWELL, Respondent, *v.* CHARLES E. FINLAY, Appellant.

First Department, April 29, 1921.

Attorney and client — retainer — written agreement for advice — parol agreement to negotiate settlement — whether express contract contemplated all services rendered is question for jury — when separation of services rendered under written and parol agreement impracticable — amendment of complaint harmless — interest not allowable on unliquidated claim — additional allowance under Code of Civil Procedure, § 3253, denied.

Where there was originally a written agreement of retainer between an attorney and client that the former should render advice, but subsequently a parol agreement was entered into whereby the attorney was to negotiate and settle a matter for the client, and the attorney thereupon took charge of the negotiations and completed them, the question whether all the services were performed under the express agreement was for the determination of the jury.

In such case it would be manifestly impracticable to separate the services in negotiating the settlement, performed under the parol contract, from the counsel and advice given from time to time under the express agreement which necessarily entered into and formed a part of each step of the negotiations.

Where the complaint in an action by an attorney against his client for services originally demanded $10,000, the fact that an amendment claiming $17,000 should not have been allowed, was not prejudicial where the verdict was for $10,000 only, which was sustained by uncontroverted testimony of the plaintiff.

An unliquidated claim of an attorney against his client for services, which is of such a nature that it cannot be computed by any method so that the defendant could have paid it, does not entitle the plaintiff to interest thereon.

Interest may be allowed on a claim which is capable of ascertainment by a computation based on measurement, market price or market value.

The case in question is not so difficult or extraordinary as to warrant an additional allowance of five per cent under section 3253 of the Code of Civil Procedure.

APPEAL by the defendant, Charles E. Finlay, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of November, 1919, on the verdict of a jury, and

also from an order entered in said clerk's office on the 13th day of November, 1919, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Henry M. Earle* of counsel [*David Asch* with him on the brief], for the appellant.

*Edgar J. Nathan* of counsel [*Cardozo & Nathan,* attorneys], for the respondent.

LAUGHLIN, J.:

The plaintiff is an attorney and counselor at law and brought this action to recover for professional services rendered to the defendant. The retainer originally was under an express agreement for the performance of specified services for which plaintiff agreed that his charges should be within the limits of $1,000 as the minimum, and $2,500 as the maximum amount, and this was evidenced by a letter written by the plaintiff to the defendant on the 13th of December, 1916, and an answer thereto under date of December fifteenth, and a reply by the plaintiff under date of December eighteenth. When plaintiff was employed, defendant was negotiating a settlement of his business relations with one Rickert, with whom he had been extensively engaged in the real estate business. Plaintiff claims that the defendant was to continue those negotiations, and that he was merely retained to advise the defendant from time to time with respect thereto and with respect to the settlement, and to prepare any agreement or other instruments that might be required in carrying the agreement into effect, and to participate in and advise with respect to any negotiations incident thereto after the defendant and Rickert arrived at a general understanding with respect to the settlement of their affairs; and the express contract sustains this contention.

According to the testimony of the plaintiff, defendant continued the negotiations with Rickert until on or about the 25th of January, 1917, and down to that time only called upon plaintiff for advice, and the defendant was unable to negotiate a settlement with Rickert and then called upon plaintiff to take charge of the negotiations, and it was thereupon verbally understood and agreed between them that such services were

not to be deemed covered by the express contract. From that time on, plaintiff took charge of the negotiations and succeeded ultimately in effecting an agreement with Rickert in behalf of his client which was consummated. Defendant claims that all of the services were covered by the express contract and that there was no verbal understanding that they were not to be embraced therein. The conflicting testimony on this point presented an issue of fact which was properly submitted to the jury and determined in favor of the plaintiff. On the plaintiff's theory, the express agreement was superseded by the subsequent verbal contract. He was permitted to show by the opinion of experts the value of his services as a whole. Defendant claims that, even on the plaintiff's theory, his services should have been divided into those performed under the express contract and the additional services performed under the contract resting in parol. We think not, and manifestly it would have been impracticable to separate the services in negotiating the settlement from the counsel and advice which necessarily entered into and formed a part of each step in the negotiations.

Plaintiff originally demanded $10,000, but on the trial he was permitted to amend the complaint by claiming $17,500. Defendant claims that the amendment should not have been allowed and that he was prejudiced thereby. We agree that the amendment should not have been allowed, but are of opinion that the defendant has not been prejudiced. The verdict was for $10,000 only, which was amply sustained by the testimony presented in behalf of the plaintiff, and the defendant offered no testimony to controvert it. He merely insisted that the recovery was limited by the express contract, and did not upon the trial and does not now question but that the evidence fairly shows that the services were worth the amount for which the plaintiff has recovered.

The form of the verdict rendered by the jury was for $10,000, " with interest," whereupon the court stated that the interest was $1,250.47, and thereupon the record shows that the jury rendered a verdict for $11,250.47. Counsel for the defendant moved to set aside the verdict and for a new trial and to strike out the interest on the ground that, the claim being unliquidated, no interest was recoverable. The

motions were denied. The complaint demanded interest from the 24th day of September, 1917, but the evidence shows that he first presented his bill for $10,003.85 to the defendant on the sixth of October. The interest, which was thus incorporated in the verdict, is the interest on the amount of the bill as rendered, computed from the date of the rendition thereof to the date of the trial. The plaintiff claims that the interest was not allowed as interest on his claim for the value of his services, but as a method by which the jury arrived at the value of the services. Manifestly that claim is untenable. We are of opinion that the plaintiff was not entitled to recover interest. Not only was the claim unliquidated, but there was no method by which the amount to which the plaintiff was entitled could have been computed so that the defendant might have paid the same. In this respect, the case differs from those in which a recovery of interest is allowed where the amount of the claim is capable of ascertainment by a computation based on measurement, market prices or market value. (*Faber* v. *City of New York*, 222 N. Y. 255; *Bradley* v. *McDonald*, 157 App. Div. 572; *Regan* v. *City of New York*, 175 id. 861; *Dykman* v. *City of New York*, 183 id. 859.) This was not a difficult and extraordinary case warranting an additional allowance under section 3253 of the Code of Civil Procedure.

It follows that the judgment should be modified by reducing the recovery to $10,000 and striking out the additional allowance of five per cent amounting to $562.52, and as so modified affirmed, without costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order affirmed, judgment modified by reducing the amount thereof to $10,133.87, and as so modified affirmed, without costs.